IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAHEEM SHAKUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-42-DWD |
| ) | |
| MATTHEW SWALLS, ) | |
| PENNY GEORGE, ) | |
| DR. SHAH, and ) | |
| B. BIRCH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Raheem Shakur, an inmate in the custody of the Illinois Department of Corrections, alleges that Defendants Matthew Swalls, Penny George, Dr. Shah, and B. Birch were deliberately indifferent to his serious medical needs while he was incarcerated at Vienna Correctional Center. Defendant Penny George has appeared and answered Shakur's claims. (Doc. 22). Defendants Swalls, Shah, and Birch executed and returned waivers of service, and their answers were due on or before July 27, 2020. (Docs. 13, 17, 21). The three defendants failed to answer or otherwise respond to Shakur's complaint, and the Clerk of Court entered default against them on August 18, 2020. Defendants Shah and Birch did not respond to the entry of default.

By motion dated September 1, 2020, Defendant Swalls seeks to set aside the entry of default against him and requests additional time to file a responsive pleading. (Doc. 30). Before default judgment can enter pursuant to Rule 55(b), a party must secure a

Clerk's entry of default under Rule 55(a). An entry of default does not guarantee that a default judgment will be granted, as Rule 55(c) provides that "the court may set aside an entry of default for good cause." The standard for "good cause" is lenient, particularly where, as here, the Clerk has entered default but default judgment has not yet been finalized. *See JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791-792 (7th Cir. 2015).

To prevail on a Rule 55(c) motion, the movant "*must* show (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009)(internal quotation and citation omitted)(emphasis added). The Rule 55(c) standard is "lenient" due to the "policy of favoring trial on the merits over default judgment." *Id.* at 631. Good cause does not require a party to provide a good excuse so long as setting aside a default does not create a windfall for a party. *See JMB Mfg., Inc.*, 799 F.3d at 792. *See also Arwa Chiropractic, P.C. v. Med-Care Diabetic*, 961 F.3d 942, 948 (7th Cir. 2020)(noting that Rule 60(b) allows relief from final judgment due to mistake, inadvertence, and excusable neglect and describing that standard as more stringent than the standard for good cause). Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017).

Here, Defendant Swalls took quick corrective action in response to the entry of default. The default was entered on August 18, 2020, and Swalls moved to set it aside on September 1, 2020. Swalls also demonstrates good cause for the default. He left his employment with the Illinois Department of Corrections, and his request for

representation was accidentally overlooked as a result of a clerical error. This error led to a failure, not by Defendant but by his counsel's office, to assign appropriate counsel to represent him in this action. This excuse is akin to a mistake or inadvertence, and it lends in favor of setting aside the default.

While Swalls satisfies the first two requirements for setting aside the entry of default, he fails to mention whether he has a meritorious defense. While the Court is inclined to grant his motion because there is a "policy of favoring trial on the merits over default judgment," his motion must be denied without prejudice at this time because he does not make the requisite above-described showings. *See Cracco*, 559 F.3d at 631. The Court will reserve ruling on Plaintiff's pending motions for default judgment (Docs. 28, 33) for 14 days to allow Defendant Swalls to correct his omission.

By motions dated October 29, 2020, and January 6, 2021, Plaintiff asks the Court to enter the default judgments requested in his earlier motions. His motion to grant requested relief (Doc. 36) and motion for compliance (Doc. 38) are denied without prejudice at this time. His motions for default judgment are under advisement, and the Court will address them in short order. Additional requests to enter default judgment are redundant and unnecessary at this time.

## Conclusion

For the above-stated reasons, Defendant Swalls's motion to set aside default and motion for extension of time (Doc. 30) is **DENIED without prejudice**. The Court will reserve ruling on Plaintiff's motions for default judgment (Docs. 28, 33) for 14 days to allow Defendant Swalls an opportunity to re-file his motion. Plaintiff's motion to grant

requested relief (Doc. 36) and motion for compliance (Doc. 38) are **DENIED without prejudice**. The motion to strike Plaintiff's motion to grant requested relief and amended motion for default judgment filed by Defendants George and Swalls (Doc. 37) is **DENIED**. The Court will consider Plaintiff's amended motion for default judgment (Doc. 33) when weighing whether such a judgment should be entered in this action.

**SO ORDERED.**

Dated: January 26, 2021

 s/ *David W. Dugan*  
DAVID W. DUGAN  
United States District Judge
