# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAHEEM SHAKUR, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MATTHEW SWALLS, )<br>PENNY GEORGE, )<br>DR. SHAH, and )<br>B. BIRCH, )<br>)<br>    Defendants. ) | Case No. 20-cv-42-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Matthew Swalls's amended motion to set aside default and for leave to file an answer (Doc. 41). Plaintiff Raheem Shakur alleges that Swalls, then the warden, was deliberately indifferent to his serious medical needs while he was incarcerated at Vienna Correctional Center. Defendant Swalls executed and returned a waiver of service, and his answer was due on or before July 27, 2020. (Doc. 17). Swalls failed to answer Shakur's complaint by the deadline, and the Clerk of Court entered default against him on August 18, 2020. (Doc. 26).

Swalls promptly responded to the entry of default, moving to set it aside on September 1, 2020. (Doc. 30). On January 26, 2021, the Court denied Swalls's motion without prejudice, finding that while he demonstrated good cause for the default and quick action to correct it, Swalls failed to address whether he had a meritorious defense

to Shakur's claims. Swalls has filed an amended motion correcting this omission. Plaintiff did not respond to his motion.

To prevail on a Rule 55(c) motion, the movant "must show (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009)(internal quotation and citation omitted). As the Court previously found, Swalls has shown good cause for the default and quick action to correct it. (*See* Doc. 39). Swalls now adds that he has a meritorious defense to Plaintiff's complaint. He maintains he did not have any personal involvement in the constitutional deprivations alleged in the complaint. Swalls also asserts that, as a non-medical professional he was entitled to believe that Shakur's medical treatment was appropriate.

To establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017). Swalls has made such a showing. Accordingly, the Court **GRANTS** Defendant Matthew Swalls's amended motion to set aside default and for leave to file an answer (Doc. 41). The Clerk's entry of default against Swalls is hereby **SET ASIDE**. Swalls is granted leave to file his answer to Plaintiff's complaint and shall do so *instanter*.

**SO ORDERED.**

Dated: March 1, 2021

_____
DAVID W. DUGAN
United States District Judge