IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAHEEM SHAKUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-42-DWD |
| ) | |
| MATTHEW SWALLS, ) | |
| PENNY GEORGE, ) | |
| VIPIN SHAH, and ) | |
| KIMBERLY BIRCH,[1] ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT

**DUGAN, District Judge:**

Plaintiff Raheem Shakur, an inmate in the custody of the Illinois Department of Corrections alleges that Defendants Matthew Swalls, Penny George, Vipin Shah, and Kimberly Birch were deliberately indifferent to his serious medical needs while he was incarcerated at Vienna Correctional Center. By motions dated August 28 and September 8, 2020, Shakur seeks default judgments against Defendants Swalls, Shah, and Birch. (Docs. 28, 33). As an initial note, the Court set aside an entry of default against Defendant Swalls on March 1, 2021. As Swalls is no longer in default and has answered Shakur's complaint, Shakur is not entitled to the entry of a default judgment against him.

With respect to Defendants Vipin Shah and Kimberly Birch, the Court sent requests for waiver of service to both defendants on May 27, 2020. Both Shah and Birch executed and returned waivers of service of summons in which they agreed that their

---

[1] The Clerk of Court shall CORRECT the names of Defendants Shah and Birch on the docket sheet.

answers were due by July 27, 2020. (Docs. 13, 21). Neither party has appeared or answered Shakur's complaint to date. When neither Defendant Shah nor Defendant Birch responded to Shakur's complaint by the July 27, 2020 deadline, the Court directed the Clerk of Court to enter default against them. (Doc. 25). The entry of default was made on August 18, 2020. (Doc. 26). Both the order directing the entry of the default and the entry of default itself were sent to Defendant Shah and to Defendant Birch.

On August 28, 2020, Plaintiff filed his first motion for default judgment. (Doc. 28). Plaintiff amended his motion on September 8, 2020. (Doc. 33). Local Rule 55.1(b) requires that motions for summary judgment be mailed to the last known address of the party against who default judgment is sought. Because it appeared that Shakur did not have access to Defendants' mailing addresses, the Court directed that copies of both motions be sent to both Defendant Shah and Defendant Birch. (Doc. 40). To date, neither Shah nor Birch has appeared to plead or otherwise defend this action.

The Court enjoys subject matter jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1343(3). Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Shakur's claims occurred within the Southern District of Illinois. The Court finds that Plaintiff Raquan Shakur has secured a proper Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). His Rule 55(b) motions for default judgment are in proper form and have been sent to Defendants, as required by Local Rule 55.1(b). As a result, the Court further finds that a default judgment should enter against both Defendant Shah and Defendant Birch at this time.

Having determined that a default judgment should enter, the Court must determine the appropriate relief to award, which is best accomplished by setting a hearing to determine damages. At the hearing, Plaintiff may present any evidence or testimony related to damages he is owed for his injuries in this action. Plaintiff is reminded that, pursuant to Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## Conclusion

For the above-stated reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion (Doc. 28) and amended motion for default judgment (Doc. 33). The motions are denied as to Defendant Matthew Swalls. They are granted as to Defendants Vipin Shah and Kimberly Birch. By separate order, a hearing will be set to address the question of damages. The Clerk of Court is **DIRECTED** to send a copy of this Order and of the order setting the damages hearing to Defendants Shah and Birch at their last known addresses.

**SO ORDERED.**

Dated: March 3, 2021

_____
DAVID W. DUGAN
United States District Judge