UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAHEEM SHAKUR,**  <br><br>**Plaintiff,**  <br><br>vs.  <br><br>**MATTHEW SWALLS, PENNY GEORGE, VIPIN SHAH, and KIMBERLY BIRCH**  <br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  Case No.  3:20-cv-00042-GCS<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Raheem Shakur, an inmate in the custody of the Illinois Department of Corrections ("IDOC") first brought suit against the Defendants on January 10, 2020, pursuant to 42 U.S.C. § 1983. Though Defendants Shah and Birch returned an executed waiver of service on May 29 and July 17, 2020, respectively, neither defendant provided an answer to Plaintiff's complaint within the appropriate time limit. (Doc. 13, 21). The Clerk of the Court therefore entered default against Defendants Shah and Birch on August 18, 2020. (Doc. 26). The Court granted Plaintiff's motion for default judgment against Defendants Shah and Birch on March 3, 2021, as neither defendant had filed an answer to Plaintiff's complaint or otherwise entered an appearance in the case by that time. (Doc. 44).

On March 6, 2021, Defendants Shah and Birch filed a motion to set aside default judgment. (Doc. 46). On March 9, 2021, the Court stayed the order granting default

judgment pending resolution of the motion. (Doc. 52). Now before the Court is the amended motion for default judgment filed by Defendants Shah and Birch. (Doc. 60). For the reasons outlined below, the motion to set aside default is **GRANTED.**

Motions to set aside an entry of default are evaluated under the standard outlined in Federal Rule of Civil Procedure 55(c).[1] In order to prevail on a motion to set aside entry of default under Rule 55(c), a party must show: (i) good cause for the default, (ii) quick action to correct it, and (iii) a meritorious defense to the complaint. *See id* (internal citations omitted). The standard for "good cause" is lenient when the Clerk of the Court has entered default, but default judgment has not yet been finalized. *See Charleston v. Jones*, Case No. 19-cv-764-DWD, 2021 WL 1017111, at *1 (S.D. Ill. Mar. 17, 2021)(citing *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791-792 (7th Cir. 2015)). This lenient standard is intended to encourage trial on the merits of a case, rather than resolution of litigation due to default judgment. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also Taylor v. Prince*, Case No. 19-cv-1201-DWD, 2021 WL 269074, at *1 (S.D. Ill. Jan. 27, 2021)(internal citations omitted)(noting that good cause does not require a good excuse, so long as setting aside default "does not create a windfall for the other party"). Accordingly, when there is no evidence that the default was either willful or the result of gross negligence, and the defaulting party offers some explanation for the default, the defaulting party has established good cause. *See Southern Illinois Motor Xpress, Inc. v. KG*

---

[1] Where the Court has already issued an order granting default judgment, the proper standard by which to evaluate a motion to set aside default is Rule 60(b). *See* FED. R. CIV. PROC. 55(c). However, because the Court stayed the order granting default judgment pending resolution of the present motion, the pertinent inquiry remains whether Defendants Shah and Birch have shown good cause under Rule 55(c) to set aside the entry of default.

*Administrative Services, Inc.*, Case No. 18-cv-2067-SPM, 2021 WL 632966, at *3 (S.D. Ill. Feb. 18, 2021)(citing *Bluegrass Marine Inc., v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 358 (S.D. Ill. 2002).

The standards for the remaining two factors in the Rule 55(c) test are similarly lenient. For instance, the Seventh Circuit found that a delay of up to ten weeks in moving to set aside default was nevertheless quick action, which warranted vacating the default judgment. *See Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 797-798 (7th Cir. 1980). Equally, when a defaulting party files an answer and provides factual bases for its defenses, that party has a meritorious defense. *See Southern Illinois Motor Xpress, Inc.*, 2021 WL 632966, at *4.

As explanation for their default, Defendants Shah and Birch state that their executed waivers of service were not properly processed. (Doc. 60, p. 3). After executing a request for a waiver of service, doctors at Wexford Health Sources, Inc., ("Wexford") typically send the waivers to the Director of Nursing, who then notifies Wexford of the litigation and assigns the matter to counsel. *Id*. However, in this case, the waivers were not forwarded to Wexford, and Wexford did not learn of the matter until notified by an attorney who routinely represents Wexford and its employees. *Id*. There is no evidence that this lack of communication between Defendants Shah and Birch and their employer and counsel is either willful or the result of gross negligence. Moreover, there is no indication that Defendants Shah and Birch will obtain a windfall in this litigation as a result of an order setting aside the entry of default. The Court therefore finds there is good cause for the delay which resulted in the default.

In order to show that they took quick action to correct the default, Defendants Shah and Birch assert that counsel responded to default judgment after only two days. (Doc. 60, p. 4).[2] However, in response, Plaintiff notes that Defendants Shah and Birch failed to respond to the entry of default for approximately seven months. (Doc. 55, p. 2). Though untimely as to the entry of default, counsel for Defendants Shah and Birch stated that he only learned of the default on March 4, 2021, the day the Court granted Plaintiff's motion for default judgment. (Doc. 46, p. 1-2). As Defendants Shah and Birch, through their counsel, took action to correct their default mere days after learning of their status, the Court finds that the Defendants' motion to set aside default was sufficiently quick for the purposes of Rule 55(c).

Lastly, Defendants Shah and Birch outline both their affirmative defense that Plaintiff failed to exhaust his administrative remedies and their answer to Plaintiff's complaint on its merits. (Doc. 60, p. 4-7). Defendants Shah and Birch note several deficiencies in Plaintiff's grievances pertaining to the events underlying his claim. *Id*. at p. 4. They also provide numerous defenses regarding their respective medical treatment of Plaintiff in response to his allegations that they provided insufficient medical care. *Id*. at p. 5-7. In so doing, Defendants Shah and Birch provide the factual bases supporting

---

[2] The record indicates that Defendants Shah and Birch filed their motion to set aside default *three* days after the Court granted Plaintiff's motion for default judgment. However, this discrepancy does not impact the merits of the motion; a delay of only three days remains sufficiently quick to warrant setting aside default.

their defenses sufficiently to demonstrate a meritorious defense. Accordingly, the Court finds that there is good cause to set aside the entry of default under Rule 55(c), and the motion to set aside default (Doc. 60) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: May 5, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.05.05 10:02:47 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**