UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAHEEM SHAKUR,                        )<br>                                                     )<br>           Plaintiff,                          )<br>                                                     )<br>vs.                                               )<br>                                                     )   Case No. 3:20-cv-00042-GCS<br>MATTHEW SWALLS, PENNY       )<br>GEORGE, VIPIN SHAH, and         )<br>KIMBERLY BIRCH,                      )<br>                                                     )<br>           Defendants.                      )<br>                                                     )<br>                                                     ) | |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Raheem Shakur is an inmate currently in the custody of the Illinois Department of Corrections ("IDOC") and is incarcerated at Lincoln Correctional Center. On January 10, 2020, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while he was housed at Vienna Correctional Center ("Vienna"). (Doc. 1). After preliminary review pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count; the complaint alleges that Defendants Birch, Shah, Swalls, and George were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 11, p. 2). Now before the Court is Defendant Birch's and Defendant Shah's motion for summary judgment on the issue of exhaustion of remedies. (Doc. 74). For the reasons delineated below, the motion for summary judgment is **DENIED.**

## FACTUAL BACKGROUND

Plaintiff's claim of deliberate indifference is predicated on Defendant Birch's and Defendant Shah's failure to appropriately treat a cyst in his right kidney, even after Plaintiff complained of new pain in 2017. (Doc. 11, p. 2). In 2019, Plaintiff requested a copy of his medical records, which included an MRI report from 2017, showing a cyst in his kidney. *Id*. Plaintiff then spoke with Defendant Birch about the pain on November 13, 2019. *Id*. However, Defendant Birch told him that they could not do anything to treat the cyst and continued Plaintiff on Tramadol. *Id*. She also refused Plaintiff's request to see a specialist. *Id*. Defendant Shah prescribed Plaintiff Cymbalta for pain relief but took no other actions. *Id*.

Plaintiff's grievance records contain one grievance potentially relevant to treatment for his pain and cysts, which is dated August 2, 2019 (the "August 2nd grievance").[1] In this grievance, Plaintiff states that he was sent for an MRI on February 25, 2017. (Doc. 75, Exh. A, p. 15). After the MRI, between May and June 2018, Plaintiff met with Defendant Shah, but during the meeting, Defendant Shah was unable to locate his

---

[1]  Defendants Birch and Shah also identify a second grievance, dated October 17, 2017, as potentially relevant. (Doc. 75, p. 2). However, Plaintiff argued in his responsive filing that this grievance was not applicable. (Doc. 76). During Defendants' cross-examination of Plaintiff on this issue, Plaintiff agreed that this grievance did not apply in this matter, and he was not asserting it as a defense to Defendants' motion for summary judgment. The Court therefore declines to consider that grievance now.

Plaintiff also asserted during the hearing that he filed two additional grievances in November and December 2019, which Vienna officials never addressed. The record shows some evidence of this grievance, as Plaintiff's Cumulative Counseling Record refers to a grievance filed on November 5, 2019 reasserting the complaints made in his August 2nd grievance. (Doc. 75, Exh. A, p. 9). The Court finds Plaintiff's testimony regarding these grievances credible. However, because Plaintiff's August 2nd grievance fully exhausted his administrative remedies for this claim, the Court declines to consider those grievances at this time.

previous MRI. *Id*. at p. 16. Plaintiff continued to complain to Defendant Shah about "persistent" soreness in his kidney area; during a May 11, 2018 visit, Defendant Shah continued Plaintiff's prescription for Tramadol, a pain reliever, and also prescribed Cymbalta. *Id*. Plaintiff also states that Defendant Shah, Defendant Birch, and the Health Care Administrator at Vienna failed to provide treatment or follow-up appointments for Plaintiff's cyst as of August 2, 2019. *Id*.

Plaintiff's Grievance Officer received this grievance on August 22, 2019. (Doc. 75, Exh. A, p. 14). On October 1, 2019, the Grievance Officer denied the grievance based "on a total review of all information." *Id*. The Grievance Officer noted that Health Care Unit staff saw Plaintiff "numerous times," that Plaintiff "has not complained of any kidney issues," and that "his labs are also normal." *Id*. Neither the Grievance Officer nor the Chief Administrative Officer, who completed his review of the August 2nd grievance on October 3, 2019, made any mention of procedural deficiencies in Plaintiff's grievance. *Id*. The ARB reviewed Plaintiff's appeal of this denial on October 15, 2019. *Id*. at p. 17. Because Plaintiff failed to properly cite dates on which the incidents in question occurred, the ARB denied Plaintiff's appeal. *Id*.

## LEGAL STANDARDS

Summary judgment is proper when a moving party demonstrates that the record cannot establish the presence of a genuine dispute of material fact. *See* FED. R. CIV. PROC. 56(a). In order to survive a motion for summary judgment, the non-moving party must provide admissible evidence from which a reasonable jury could find in favor of the non-moving party. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). Traditionally,

the Court's role in determining a motion for summary judgment is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but is instead to determine whether there is a genuine issue of material fact. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). However, in *Pavey v. Conley*, the Seventh Circuit held that a judge, rather than a jury, should determine whether factual issues relating to the defense of the failure to exhaust administrative remedies exist. 544 F.3d 739, 741 (7th Cir. 2008). If the Court determines that a prisoner did not exhaust his administrative remedies, the Court will outline one of three potential outcomes: (a) if the plaintiff still has time to do so, the plaintiff must go back and exhaust his administrative remedies; (b) if the plaintiff's failure to exhaust was innocent, as where prison officials prevent a prisoner from exhausting his remedies, the plaintiff must be given another chance to exhaust; or (c) if the failure to exhaust was the prisoner's fault, the case is over. *Id.* at 742.

The PLRA governs lawsuits filed by inmates and states that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy the PLRA's exhaustion requirement, prisoners must strictly adhere to the grievance process. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Prisoners must exhaust their remedies before filing suit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot file suit and then exhaust administrative remedies while that suit is pending. *Id.* Consequently, if a prisoner fails to use a prison's grievance process

properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Prisoners must follow a prison's administrative rules when exhausting their remedies. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). As an inmate confined within the IDOC, Plaintiff is required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") in order to properly exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq.* The grievance procedures require prisoners to submit a grievance to a counselor within sixty days of discovering the underlying incident. *See* 20 ILL. ADMIN. CODE § 504.800. These grievances must state the "factual details regarding each aspect of the offender's complaint including what happened, when, the name of any individual involved, and where the incident occurred." 20 ILL. ADMIN. CODE § 504.810(a). If a prisoner is not satisfied with the counselor's response to the grievance, then that prisoner can submit a formal grievance to the prison's grievance officer. *Id*. at (a)-(b). The officer must then review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). Within two months of receipt of the grievance, when reasonably feasible under the circumstances, the grievance officer must report findings and recommendations in writing to the Chief Administrative Officer ("CAO"). *See* 20 ILL. ADMIN. CODE § 504.830(e). If the prisoner is still not satisfied with the CAO's decision, the prisoner can formally appeal to the Director through the ARB within thirty days of the CAO's decision. *See* 20 ILL. ADMIN. CODE § 504.850(a). The inmate must attach copies of the grievance officer's report and the CAO's decision to the appeal. *Id.* The ARB then submits its

recommendation to the Director, who is then responsible for issuing the IDOC's final decision. *See* 20 ILL. ADMIN. CODE § 504.850(f).

The grievance process also permits an inmate to file an emergency grievance directly to the CAO. *See* 20 ILL. ADMIN. CODE § 504.840(a). The CAO may determine if there is a substantial risk of imminent personal injury or other serious harm to the offender. *Id.* If the CAO determines that the grievance is a non-emergency, the prisoner is notified in writing that the prisoner may resubmit the grievance as a non-emergency and move forward with the standard grievance process. *See* 20 ILL. ADMIN. CODE § 504.840(c).

The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). This allows the prison administration an opportunity to fix the problem or to reduce damages and to shed light on factual disputes that may arise in litigation. *See Pozo*, 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002). Accordingly, a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective grievance. *See Woodford*, 548 U.S. at 83. Unless a prisoner completes the administrative review process by following the rules established for that process, exhaustion has not occurred. *See Pozo*, 286 F.3d at 1023.

## ANALYSIS

Defendants argue that the Court should grant summary judgment in their favor because Plaintiff failed to follow the grievance rules established by the correctional authority by omitting the dates on which he was denied treatment in his August 2nd grievance. (Doc. 75, p. 9-10). Prisoners must follow the rules of their specific institution regarding the procedure for and content of grievances. *See Pozo*, 286 F.3d at 1023-24; *Dole*, 438 F.3d at 809. However, a "procedural shortcoming," like failing to list appropriate dates, "amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love*, 655 F.3d 709, 721-722 (7th Cir. 2011) (internal citations omitted). When prison officials address a prisoner's grievance on its merits without rejecting it on procedural grounds, the "grievance has served its function of alerting the state and inviting corrective action." *Id*. (citing *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)). Defendants cannot then rely on a procedural failure in the grievance to assert that the plaintiff failed to exhaust his administrative remedies. *Id*.

This reasoning supports finding that a prisoner's remedies are exhausted when a Grievance Officer addresses a grievance on its merits, but the ARB later examines the grievance on procedural grounds and cures the Grievance Officer's error. *See Kane v. Santos*, No. 17-CV-01054-NJR-RJD, 2020 WL 967878, at *4 (S.D. Ill. Feb. 28, 2020)(citing *Ford v. Wexford Health Source*, No. 13-cv-43-JPG-DGW, 2014 WL 685841, at *4-5 (S.D. Ill. Feb. 20, 2014). *See also Venson v. Gregson*, No. 3:18-CV-2185-MAB, 2021 WL 2948817, at *5 (S.D. Ill. Jul. 14, 2021); *Spraggins v. Baker*, No. 13-3213, 2015 WL 558293, at *3 (C.D. Ill. Feb. 10, 2015); *Escobedo v. Miller*, No. 08-2017, 2009 WL 2605260, at *5 (C.D. Ill. Aug. 25, 2009)

(internal citations omitted). A prison official's decision to address the merits of a grievance without considering its procedural defects indicates that the institution had the information necessary to investigate the plaintiff's claims adequately. *See, e.g., McDaniel v. Meisner*, No. 14-2833, 617 Fed. Appx. 553, 557 (7th Cir. May 28, 2015)(stating that "the exhaustion requirement is satisfied, if *prison officials* ignore a grievance's administrative failings and address its merits") (emphasis added). There is no evidence to the contrary in this case; Plaintiff's Counseling Officer and Grievance Officer affirmed that they spoke with officials in the Health Care Unit about Plaintiff's treatment and medical care. (Doc. 75, Exh. A, p. 14). The institutional officials who reviewed Plaintiff's grievance offered no indication that Plaintiff's failure to provide specific dates impeded the prison's ability to investigate Plaintiff's complaints regarding his treatment. As Plaintiff's August 2nd grievance fulfilled the underlying purposes of the PLRA by providing Vienna with the opportunity to investigate his claims and reduce potential damages, the Court finds that Plaintiff exhausted his administrative remedies through this grievance. *See, e.g., Kane*, 2020 WL 967878, at *4 (holding that a procedurally improper grievance addressed on its merits by the Grievance Officer but rejected for technical deficiencies by the ARB fulfilled the purpose of the grievance requirement and therefore exhausted the plaintiff's administrative remedies)(citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

## CONCLUSION

For the above stated reasons, Defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 76) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: August 13, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.08.13
13:13:27 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**