## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RAHEEM SHAKUR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:20-cv-00042-GCS** |
| | ) | |
| **MATTHEW SWALLS,** | ) | |
| **PENNY GEORGE,** | ) | |
| **VIPIN SHAH,** | ) | |
| **and** | ) | |
| **KIMBERLY BIRCH,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION

Pending before the Court is Defendant Birch's and Shah's July 13, 2022 motion for summary judgment. (Doc. 94, 98, ).[1] Plaintiff opposes the motion. (Doc. 101, 113). Also, pending before the Court is Defendant Swalls's and George's August 25, 2022 motion for summary judgment. (Doc. 104, 105).[2] As of this date, Plaintiff has not responded to that motion for summary judgment despite being warned of the consequences of failing to do

---

[1]      Defendants Birch and Shah filed the required Federal Rule of Civil Procedure 56 notice informing Plaintiff of the consequences of failing to respond to the motion for summary judgment and what is required in responding to the motion. (Doc. 96).

[2]      Defendant Swalls and Defendant George also filed the required Federal Rule of Civil Procedure 56 notice informing Plaintiff of the consequences of failing to respond to the motion for summary judgment and what is required in responding to the motion. (Doc. 106).

so and being granted an extension of time to respond. (Doc. 107).[3] Based on the reason delineated below, the Court **GRANTS** both motions for summary judgment.

Plaintiff Raheem Shakur is a former inmate of the Illinois Department of Corrections ("IDOC"). On January 10, 2020, Plaintiff sued Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while he was housed at Vienna Correctional Center ("Vienna"). (Doc. 1).

Plaintiff alleged in his Complaint that he has a history of chronic pain. However, he started experiencing new pain in June 2017. (Doc. 1, p. 6). In 2019, he requested a copy of his medical records which included an MRI report from 2017 showing a small cyst in his right kidney. *Id.* at p. 6, 12. This corresponded to the area of his new pain. On November 13, 2019, Plaintiff spoke with Defendant Dr. Birch about the cyst and his pain. *Id.* at p. 7. Dr. Birch informed him "they could be nothing at all" and continued treating his pain with tramadol, despite Plaintiff telling her it was ineffective. *Id.* Dr. Birch also refused Plaintiff's request to see a specialist. *Id.* at p. 8. Plaintiff spoke with Dr. Shah regarding his MRI and was prescribed Cymbalta for pain relief. *Id.* at p. 16. Plaintiff also spoke with Warden Swalls and Health Care Unit Administrator George about the issue, but he received no aid.

After preliminary review pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count. The complaint alleges that Defendants Birch, Shah, Swalls, and

---

[3]        Pursuant to Local Rule 7.1(c), Plaintiff's lack of a response could be interpreted as an admission of the merits of the motion.

George were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 11, p. 2). Plaintiff's claim of deliberate indifference is predicated on Defendant Birch's and Shah's failure to appropriately treat a cyst in his right kidney, even after Plaintiff complained of new pain in 2017; it is also based on Defendant Swalls's and George's failure to act. (Doc. 11, p. 2).

**Defendant Swalls's and George's Motion for Summary Judgment**

Because Plaintiff has not responded to Swalls's and George's August 25, 2022 motion for summary judgment, the Court addresses that motion first.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 90 cases before it. The expedient resolution of both this case, and the numerous other cases on the Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines.

Plaintiff has not responded to the motion despite being warned through Defendants' Rule 56 Notice, (Doc. 106), and the Court's December 20, 2022 Order extending the time to respond through January 10, 2023. (Doc. 107). The time to respond to the motion has passed. The Court considers Plaintiff's failure to respond as an

admission of the merits of the motion filed by Defendant Swalls and Defendant George. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission and the record before the Court, the Court finds that Defendant Swalls and Defendant George are entitled to summary judgment as to the claim brought against them. Thus, the Court **GRANTS** their motion for summary judgment.

The Court now turns to address the merits of Defendant Birch's and Shah's motion for summary judgment. (Doc. 94, 98, 103).

**Defendants Birch's and Shah's Motion for Summary Judgment**

Defendants Birch and Shah maintain that they are entitled to summary judgment as Plaintiff cannot set forth any evidence that they were deliberately indifferent to Plaintiff's serious medical need in treating his right kidney cyst. Plaintiff counters that the evidence shows that Defendants Birch and Shah were deliberately indifferent to his serious medical needs in that they persisted in an ineffective course of treatment regarding his *back pain* and the pain in his kidney.[4] Further, Plaintiff counters that he was prescribed Flomax, which refutes Defendants' claim that a simple kidney cyst is not a serious medical condition.

---

[4]     The Court notes that Plaintiff's claim before the Court is based on the failure to appropriately treat a cyst in his right kidney and is not based on his back pain. (Doc. 11, p. 2; Doc. 85, p. 2).

**UNDISPUTED FACTS**

The following facts are taken from the record and presented in the light most favorable to Plaintiff, the non-moving party, and all reasonable inferences are drawn in his favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). Plaintiff did not specifically respond or object to the statement of undisputed material facts in Defendant Birch's and Defendant Shah's motion, so the Court lays out the facts as stated by them.

During the relevant times alleged in the complaint, Plaintiff was housed in Vienna. Defendant Shah is a licensed physician employed by Wexford Health Sources, Inc. ("Wexford") as the Medical Director at Robinson Correctional Center from January 5, 2016, until August 17, 2020. Defendant Shah would occasionally assist and provide medical services at Vienna. Defendant Birch is a licensed physician employed by Wexford and was the Medical Director at Vienna from August 31, 2018, to August 24, 2020. Her last day at Vienna was on or about July 21, 2020.

On February 25, 2017, Plaintiff received an MRI, which showed moderate to severe degeneration in Plaintiff's lower vertebra and discs, resulting in a diagnosis of lumbar spondylosis with radiculopathy in his right leg. Additionally, the MRI revealed a small simple kidney cyst in Plaintiff's right kidney.[5] (Doc. 98-1, p. 2).

Plaintiff first saw Defendant Shah on June 6, 2018, for doctor sick call complaining about lower back pain. Plaintiff reported to Defendant Shah that his lower back had been

---

[5]     As to the kidney cyst, the MRI states: "There is a small hyperintense T2 cyst in the right kidney." (Doc. 98-1, p. 2).

crushed by a car door and that his outside doctor suggested surgery, but Plaintiff refused. Defendant Shah noted that Plaintiff had no impediments to his mobility, that Plaintiff showed no signs of acute distress, and that Plaintiff's reported injury was questionable and/or had an uncertain causation. Plaintiff told Defendant Shah that he had personal hard copies of his records from his outside doctor. Defendant Shah scheduled Plaintiff for a follow-up visit the next week so that Plaintiff could bring the records. The medical notes do not mention the 2017 MRI results or the right kidney pain. Defendant Shah did not prescribe Cymbalta or any other medication during this visit. (Doc. 98-1, p. 1).

Plaintiff saw Defendant Birch for the first time on November 13, 2018, in the General Medicine Chronic Care Clinic for back pain. Defendant Birch noted that Plaintiff injured his lower back in a car accident in 1999 and that Plaintiff thought he reaggravated his back while jumping out of a bunk in 2002. At the time, Plaintiff had been taking 50mg of tramadol to manage his lower back pain. Plaintiff, however, informed Defendant Birch that the tramadol was not helping his pain. Defendant Birch prescribed Plaintiff a low dosage of 30mg duloxetine, an anti-depressant also known under the brand name, Cymbalta, to assist in pain management. (Doc. 98-1, p. 5).

Plaintiff treated with Dr. Birch on April 17, 2019, for a physical examination. Defendant Birch noted that Plaintiff's lower back pain was stable, and she renewed his prescriptions for 50mg tramadol and 30mg of duloxetine. (Doc. 98-1, p. 7).

On August 8, 2019, Plaintiff was given a copy of his February 25, 2017 MRI. (Doc. 98-1, p. 8).

On November 8, 2019, Defendant Birch ordered 60 mg of Cymbalta, 50 mg of tramadol, and 0.4mg of Flomax for Plaintiff's chronic lower back pain. (Doc. 101, p. 7).

On November 19, 2019, Plaintiff discussed the results of his 2017 MRI and his 2015 MRI with Defendant Birch. (Doc. 101, p. 9). In Dr. Birch's professional opinion, Plaintiff's kidney cyst did not require further monitoring or treatment as Plaintiff did not present with symptoms that would indicate the cyst was placing pressure on organs; the cyst had also not become infected nor was it interfering with his kidney function. (Doc. 98-2, p. 3). Defendant Birch reaffirmed Plaintiff's diagnosis of lumbar spondylosis with radiculopathy in his right leg. Defendant Birch prescribed 15mg of meloxicam, 325mg of Tylenol, lowered then discontinued the duloxetine/Cymbalta as it was not helping, and continued Plaintiff's prescription of 50mg tramadol. Plaintiff was instructed to follow up with a medical provider in a month. (Doc. 98-1, p. 9; Doc. 101, p. 7).

Plaintiff followed-up with Defendant Birch on December 5, 2019. Plaintiff informed Defendant Birch that meloxicam helped with his shoulder pain, but not with his lower back pain. Defendant Birch prescribed 30mg of gabapentin and 750mg of methocarbamol to be taken at night, renewed Plaintiff's prescriptions for tramadol, meloxicam, and Tylenol, and instructed Plaintiff to follow-up in six weeks. (Doc. 98-1, p. 10).[6]

Plaintiff filed this lawsuit on January 10, 2020. (Doc. 1).

---

[6]     Gabapentin is a nerve pain medication used to treat nerve-related pain, and Methocarbamol is a muscle relaxant used to treat pain. (Doc. 98-2, p. 4).

Plaintiff treated with Defendant Birch on January 24, 2020, for his six-week follow-up. Plaintiff informed Defendant Birch that methocarbamol worked at night, and he asked to take it during the day and stated that he was "good otherwise." Defendant Birch increased Plaintiff's prescription of methocarbamol to 750mg twice a day, renewed his prescriptions for tramadol, meloxicam, Tylenol, gabapentin, and instructed him to follow up in the Chronic Care Clinic as scheduled. (Doc. 98-1, p. 11).

Plaintiff treated with Defendant Shah for the second and last time on February 19, 2020, for doctor sick call. Plaintiff complained about having chest pain a few times in mid-December 2019 through January 2020. Defendant Shah assessed Plaintiff as having experienced questionable chest pain and ordered a chest x-ray of Plaintiff's right lower ribs, an EKG, and blood work. Defendant Shah did not prescribe Cymbalta or any other medication during this visit. There is no note regarding MRI results or concerns about kidney pain. (Doc. 98-1, p. 12).

Plaintiff was transferred from Vienna to Lincoln Correctional Center on February 28, 2020. (Doc. 98-1, p. 13).

Plaintiff was paroled on January 18, 2022.

In his deposition, Plaintiff testified that the last time Plaintiff complained about his kidney pain was November/December 2019. As of June 2022, Plaintiff had not felt pain in his kidney in the last year.[7]  (Doc. 98-4, p. 33, 34).

---

[7]     Plaintiff's deposition was taken on June 9, 2022. (Doc. 98-4).

### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

### DISCUSSION

Prison officials violate the Eighth Amendment's proscription against "cruel and unusual punishments" if they display deliberate indifference to an inmate's serious medical needs. *Greeno v. Daley*, 414 F.3d 645, 652–653 (7th Cir. 2005)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). *Accord Rodriguez v.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)(stating that "deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). A prisoner is entitled to reasonable measures to meet a substantial risk of serious harm—not to demand specific care. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

To prevail on such a claim, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *See Arnett*, 658 F.3d at 750; *accord Greeno*, 414 F.3d at 653. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994)(violating the Eighth Amendment requires "deliberate indifference to a substantial risk of serious harm.") (internal quotation marks omitted).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653. A plaintiff need not show the individual literally ignored his complaint, just that the individual was aware of the serious medical condition and either knowingly or recklessly disregarded it. *See Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (citation

omitted). Also, "mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (internal quotations and citations omitted).

For the purposes of this motion, the Court finds that Plaintiff's kidney cyst constitutes an objectively serious medical condition. However, construing the evidence in the light most favorable to Plaintiff, the Court finds that there is no evidence in the record to show that either Defendant Birch or Defendant Shah was deliberately indifferent to Plaintiff's serious medical need regarding his kidney cyst.

Plaintiff complains that Defendant Birch and Defendant Shah prescribed him ineffective medications, that no one told him about the kidney cyst until he alerted Defendants about the cyst, and that he should have had the cyst tested to determine if it was cancerous.

As to Defendant Shah, there is nothing in the medical record or the record to support Plaintiff's allegations that he spoke to Defendant Shah about his 2017 MRI results and that Defendant Shah only prescribed Cymbalta for pain. Plaintiff alleges that he first became aware of the 2017 MRI results showing the kidney cyst in 2019, and the record supports this allegation. (Doc. 98-1, p. 8.). However, the record reveals that the two times Plaintiff saw Defendant Shah, June 6, 2018, and February 19, 2020, Defendant Shah did not prescribe any medications for Plaintiff. There are also no references to kidney pain. In fact, Defendant Shah could not have discussed the results of the 2017 MRI during the first visit with Plaintiff on June 6, 2018, as Plaintiff did not have the results at that time. Moreover, Plaintiff next saw Defendant Shah on February 19, 2020, over a month *after*

Plaintiff filed this lawsuit. Thus, any action or inaction Plaintiff contends resulted in a constitutional violation against Defendant Shah fails as to the kidney claim or the back pain in this suit. More importantly, the record reveals that the February 19, 2020, visit with Defendant Shah was for complaints of rib/chest pain, not kidney pain, and that Defendant Shah ordered x-ray imaging, an EKG, and blood tests. Based on the record, it cannot be said that Defendant Shah acted with deliberate indifference in treating Plaintiff's right kidney cyst or in treating his back pain.

Likewise, as to Defendant Birch the Court finds that the record does not demonstrate that she acted with deliberate indifference in treating Plaintiff's right kidney cyst or in treating his back pain. Overall, the record reveals that Defendant Birch provided appropriate and continued medical treatment to Plaintiff including adding, removing, and adjusting the dosages of pain management medications. Specifically, Plaintiff received the following treatment from Defendant Birch:

- In this first visit, Defendant Birch prescribed a low dose of Cymbalta;
- In the second visit, Defendant Birch noted his low back pain was stable and renewed the Tramadol and Cymbalta.
- In the third visit, Defendant Birch discussed the results of the MRI, did not find the right kidney cyst to be an issue, and discontinued the Cymbalta, prescribed Mobic and Tylenol.
- In the fourth visit, Defendant Birch prescribed Neurontin and Robaxin;
- In the Fifth and last visit, Defendant Birch increased the Robaxin and Plaintiff noted he was "good otherwise."

Defendant Birch provided Plaintiff with continuous and changing treatment in response to the pain he was experiencing. The treatment simply was not the treatment Plaintiff wanted and/or demanded at that specific time.

Even construing the evidence in the light most favorable to Plaintiff, the Court finds that no reasonable jury could conclude that either Defendant Birch or Defendant Shah was deliberately indifferent to Plaintiff's serious medical needs regarding his kidney cyst or even his back pain. Plaintiff has failed to produce any evidence that could allow a reasonable jury to find in his favor.

CONCLUSION

Accordingly, the Court **GRANTS** the motions for summary judgment (Doc. 94, 104). The Court **FINDS** in favor of Defendants Matthew Swalls, Penny George, Vipin Shah, and Kimberly Burch and against Raheem Shakur. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and close the case.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: (1) he may request this Court review this order; or (2) he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue*

*v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not toll the time for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 30 days. See* FED. R. APP. PROC. 4(a)(1)(A) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:  March 1, 2023.**

Digitally signed by Judge Sison
Date: 2023.03.01 11:11:21 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**